

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV11- 3387

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 14 2011 ★

BROOKLYN OFFICE

-----------------------------------------------------------------------X Case No.
KENNETH NOE, on behalf of himself individually
and  all others similarly situated

plaintiff

GARAUFIS, J.

-against-

**CLASS ACTION**
**COMPLAINT**

LEVY M.J

BUDZIK & DYNIA, LLC.

Defendant.
-----------------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon

knowledge as to himself and his own acts, and as to all other matters upon information

and belief, brings this complaint against the above-named defendant and in support

thereof alleges the following:

## INTRODUCTION

1.      This is an action brought by an individual consumer and on behalf

of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive,

deceptive and unfair acts and practices.

## PARTIES

2 .      Plaintiff is a natural person who resides in this District and is a

consumer as defined by the FDCPA, §1692a(3).

3.      Upon information and belief, defendant is a debt collector, as

defined  pursuant to 15 U.S.C. §1692a(6),  with its principal place of business in Illinois.

Defendant uses the mail to collect consumer debt owed or due or alleged to be owed or

due to others.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5.    That plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.    That at a time within the knowledge of defendant, defendant began collecting  consumer debt allegedly incurred by plaintiff for personal purposes to FIA Card Services.

7.    That by letter dated April 11, 2011 defendant wrote to plaintiff in an attempt to collect the debt. Plaintiff received this letter.

8.    That the letter states in pertinent part:

"Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid."

9.    That said sentence from the letter is deceptive, in that the requirement that the consumer provide a "statement" to defendant implies that the statement must be a written statement. A requirement by defendant that the consumer provide a written statement disputing the debt to prevent defendant from assuming the validity of the debt is improper, as the FDCPA, §1692g(a)(3) allows the consumer to dispute the debt either orally or in writing.

10.    That said sentence from defendant's letter therefore violates the FDCPA, §1692g(a)(3).

11.     That said sentence also constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10).

### AS AND FOR A SECOND CAUSE OF ACTION

12.     That plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13.     That the said letter of defendant also states, in pertinent part:

"If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you."

That this statement violates the FDCPA, including but not limited to §1692g(a)(4), in that the said provision provides specifically that the statement to the consumer must be that if the consumer notifies the debt collector in writing *within thirty days after receipt of the notice,* the debt collector shall provide the required information.

14.     That the sentence from defendant's letter does not state that the notification must be made within the thirty-day period, and therefore violates the FDCPA, §1692g(a)(4).

15.     That said language also violates the FDCPA §1692g(b) in that unless the request is made within the 30-day period, the debt collector is not legally obligated to cease collection of the debt until the information is provided to the consumer.

16.     That said sentence also constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10) in that the language could reasonably lead the least sophisticated consumer to believe, erroneously, that a written dispute made at any time will protect her rights in obtaining

said information and a cessation in the attempts to collect the debt in the meantime..

AS AND FOR A THIRD CAUSE OF ACTION

17.    That plaintiff re-alleges paragraphs 1 to 16 as if fully re-stated herein.

18.    That the said letter of defendant also states, in pertinent part:

"And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too."

19.    That said sentence in the letter to the consumer does not mention that the request for the name and address of the original creditor must be made within thirty days after receipt of the letter, as required under §1692g(a)(5) and therefore violates said provision.

20.    That said language also violates the FDCPA §1692g(b) in that unless the request is made within the 30-day period, the debt collector is not legally obligated to cease collection of the debt until the information is provided to the consumer.

21.    That said language also constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10) in that the language could reasonably lead the least sophisticated consumer to believe, erroneously, that a request for the name and address of the original creditor made at any time will protect her rights in obtaining said information and a cessation in the attempts to collect the debt in the meantime.

## CLASS ALLEGATIONS

22.     That plaintiff re-alleges paragraphs 1-21 as if fully re-stated herein.

23.     That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to plaintiff dated April 11, 2011; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e(10), 1692g(a)(4), 1692g(a)(5) and 1692g(b).

*The Class shall be defined as follows: All natural persons to whom were sent by defendant at an address within the United States a notice for the collection of a consumer debt, which notice contains the statement "Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you. And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too. "*

The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

24.     That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters with an improper validation notice, in violation of 15 U.S.C. §§ 1692g(a), 1692g(b) and 1692e(10).

(C)     The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)     The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests. plaintiff has retained experienced counsel. Plaintiff' interests are consistent with those of the members of the class.

25.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the

class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.     That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.     That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

28.     That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     certifying a class action pursuant to Federal Rules of Civil Procedures, Rule 23;

(b)     statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d)     reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k; and

(e)     for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      July 8, 2011.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Fax:(212)268-2127
Nkidd@fagensonpuglisi.com